**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **GABRIEL JOHNSON,** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **v.** | § | **MO-25-CV-00574-DC-RCG** |
| | § | |
| | § | |
| **MIDLAND COUNTY, et al.,** | § | |
| *Defendants.* | § | |

## <u>REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE</u>

BEFORE THE COURT is Plaintiff Gabriel Johnson's Complaint filed December 16, 2025. (Doc. 1). This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges.

On February 6, 2026, the Court ordered Plaintiff to submit a more definite statement because his Complaint did not adequately explain the events underlying his claims. (Doc. 12.) The Court further warned Plaintiff that failure to comply with the Order could result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's Orders. *Id.* The Order was subsequently returned to the Court as undeliverable due to an insufficient address. (Doc. 13.) "The parties are responsible for notifying the Court, as well as the opposing parties, of any change of address." *Smith v. Kijakazi*, No. 22-CV-00227, 2025 WL 2641722, at *2 (W.D. Tex. Aug. 25, 2025), *R. & R. adopted*, 2025 WL 2640399 (W.D. Tex. Sept. 11, 2025). Plaintiff's failure to do so prevents him from properly prosecuting this action. As a result, the Court issued an additional Order directing Plaintiff to show cause why this case should not be dismissed and to provide a current address, as his failure to update his information suggests he no longer wishes to pursue this matter. (Doc. 14). These circumstances demonstrate Plaintiff's complete failure to

prosecute his case.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court finds that the only remedy available in light of Plaintiff's inaction is to dismiss the Complaint for want of prosecution under Rule 41(b). For the same reasons, the Court further recommends that the Complaint should be dismissed in the interest of judicial economy. The undersigned recommends that the Court should dismiss the Complaint without prejudice to allow Plaintiff another opportunity to raise his claims, if necessary. *Callip v. Harris Cnty. Child Welfare Dep't.*, 757 F.2d 1513, 1519 (5th Cir. 1985) (citations omitted) (finding that, unless otherwise specified, a dismissal for want of prosecution is a "complete adjudication on the merits, and thus with prejudice").

"The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629–30 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.), *cert. denied*, 522 U.S. 875 (1997).

Therefore, the undersigned **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE** for want of prosecution pursuant to Rule 41.

SIGNED this 6th day of April, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).