IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **GABRIEL JOHNSON,** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **7:25-CV-00574-DC-RCG** |
| | § | |
| **MIDLAND COUNTY,** | § | |
| *Defendant.* | § | |
| | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff Gabriel Johnson's Motion for Leave to File More Definite Statement Out of Time and his More Definite Statement. (Docs. 19, 19-1).[1] This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, Plaintiff Gabriel Johnson's Motion for Leave to File More Definite Statement Out of Time is **GRANTED**. (Doc. 19). Further, the Court **RECOMMENDS** that Plaintiff Gabriel Johnson's claims be **DISMISSED**. (Doc. 19-1).

### I.    BACKGROUND

Plaintiff, proceeding *pro se* and *In Forma Pauperis* ("IFP"), sues Midland County; Howard County; Midland Independent School District; and Officer Braden Brunson. (Doc. 19-1). In his More Definite Statement, he describes: (1) alleged inadequate medical care for a ruptured spleen while incarcerated at TDCJ's John Munford Unit in 2021; (2) approximately sixty days of detention in 2023 between Midland and Howard Counties based on a claimed Howard County warrant; (3) a January 22, 2025 incident at his daughter's school in which he was denied permission to take her and later lost access to her; and (4) a September 23, 2025 traffic stop by Officer Brunson, issuance of blank citation copies, and later use of allegedly

---

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

altered citation records in municipal court proceedings leading to detention and vehicle-related consequences. *Id.* at 2–3. He seeks $300,000,000 in damages and other relief. *Id.* at 5.

## II.    DISCUSSION

### A.  Motion for Leave to File More Definite Statement Out of Time

On February 6, 2026, the Court ordered Plaintiff to file a more definite statement within fourteen days; no timely response was filed, and the Order was returned as undeliverable. (Docs. 12, 13). After the mail was returned as undeliverable, the Court ordered Plaintiff to update his address, which he failed to do. (Docs. 14–15). Thereafter, the Court recommended dismissal of Plaintiff's case for want of prosecution. (Doc. 16). On April 10, 2026, however, Plaintiff filed objections to the Court's recommendation, a Motion for Leave to File More Definite Statement Out of Time, and a Proposed More Definite Statement. (Docs. 18, 19, 19-1). On April 13, 2026, the Court rejected the recommended dismissal and declined to dismiss Plaintiff's Complaint, stating that Plaintiff would be given "one last chance." (Doc. 20).

In light of the Court's April 13, 2026, Order, Plaintiff's prompt filing once he re-established contact with the Court, and his *pro se* status, the Court concludes Plaintiff's late filing of his More Definite Statement should be excused. Accordingly, Plaintiff's Motion for Leave to File More Definite Statement Out of Time is **GRANTED**. (Doc. 19). The Court now treats Plaintiff's Proposed More Definite Statement as the operative pleading for screening purposes. (Doc. 19-1).

### B.  Section 1915 Review of Amended Complaint

On January 5, 2026, this Court granted Plaintiff leave to proceed IFP. (Doc. 7). Because Plaintiff proceeds IFP, his Complaint is subject to the provisions of 28 U.S.C. § 1915(e)(2)(B). Pursuant to § 1915, this Court is authorized to "dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)).

To screen complaints for failure to state a claim, courts employ the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)); *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* Likewise, threadbare recitals of a cause of action's elements supported by conclusory statements will not survive a motion to dismiss. *Id.* Factual allegations must raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

Here, even accepting Plaintiff's factual allegations as true and construing them liberally, the operative pleading fails to state a plausible federal claim against the currently named defendants. Plaintiff's 2021 medical care allegations at the John Munford Unit might support a claim if brought against responsible TDCJ officials or medical staff, but he sues only Midland County, Howard County, Midland ISD, and Officer Brunson and alleges no facts tying any of

3

them to those medical decisions, so no claim is stated against the named Defendants. (Doc. 19-1 at 2). His 2023 detention allegations likewise fail to allege that the Howard County warrant was invalid, that either county lacked authority to detain him on that warrant, or that the duration or conditions of confinement violated a clearly established constitutional standard, and thus do not plausibly state a constitutional violation. *See Dobbs v. Valdez*, No. CIV.A.307-CV-1124-M, 2008 WL 4526189, at *2 (N.D. Tex. Oct. 8, 2008) (holding that, because the plaintiff failed to establish that the defendant's policies violated a constitutional right or caused her detention, she could not pursue a claim).

As to the January 22, 2025, school incident, Plaintiff describes denial of his attempt to take his daughter from school and later loss of access to her but does not identify a specific federal right, plead any policy or custom by Midland ISD, or otherwise connect those facts to a cognizable legal claim. (Doc. 19-1 at 4). With respect to the September 23, 2025 stop, Plaintiff alleges that Officer Brunson followed and stopped him, issued blank citations, and later produced completed citations with the same serial numbers, but he does not plead facts showing a lack of probable cause for the stop or explain how the citation discrepancies, by themselves, caused a distinct deprivation of a federally protected right beyond ordinary traffic court consequences. *Id.* at 2. Finally, Plaintiff's assertion that all events from 2020 to 2026 form a single "continuous chain of harm" or conspiracy is wholly conclusory; he alleges no specific agreement or coordinated action among the various entities and individuals. *Id.* at 5. In sum, Plaintiff's More Definite Statement does not, as currently pled, state a plausible federal claim against any named Defendant and therefore fails to state a claim under § 1915.

4

## C. Leave to Amend

Pursuant to Fifth Circuit precedent, generally "a pro se litigant should be offered an opportunity to amend [his] complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 768–69 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). But, "[g]ranting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" (quoting *Bazrowx*, 136 F.3d at 1054).

In light of the Court's April 13, 2026, Order allowing Plaintiff "one last chance" to prosecute his case, the Court concludes dismissal without prejudice with leave to amend is appropriate at this time. Thus, it is **RECOMMENDED** that leave to amend be **GRANTED**. Plaintiff's amended pleading shall be filed within **14 days** of the adoption of this Report and Recommendation.

### III.    RECOMMENDATION

As discussed above, Plaintiff's Motion to File More Definite Statement Out of Time is **GRANTED**. (Doc. 19).

Additionally, the Court **RECOMMENDS** that Plaintiff's claims be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is **FURTHER RECOMMENDED** that leave to amend be **GRANTED** and Plaintiff file his amended pleading within **14 days** of the adoption of the Report and Recommendation.

It is **FURTHER RECOMMENDED** that the Court **CERTIFY**, pursuant to 28 U.S.C § 1915(a)(3), that an IFP appeal of the dismissal would not be taken in good faith.

Finally, the Court **DIRECTS** the Clerk of Court to send Gabriel Johnson a copy of this Order via certified mail, return receipt requested.

SIGNED this 29th day of April, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party *has not been served* by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).